**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LI ZHANG,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 3:26-cv-01454-RBM-DDL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1]**

Pending before the Court is Petitioner Li Zhang's ("Petitioner") Verified Petition for Writ of Habeas Corpus Pursuant ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.)  For the reasons set forth below, the Court **GRANTS** the Petition.

## I.   BACKGROUND

Petitioner is a citizen of the People's Republic of China.  (*Id.* ¶ 1.)  She unlawfully entered the United States on August 23, 2025, where she was immediately detained by the Department of Homeland Security ("DHS").  (*Id.* ¶ 21–22.)  She passed a credible fear interview, filed an application for asylum, and has a merits hearing set for April 3, 2026.  (*Id.* ¶ 22.)  She has remained in custody since her arrival in the United States.  (*Id.* ¶ 24.)

On March 6, 2026, Petitioner filed the Petition.  (Doc. 1.)  The Court shortly thereafter issued a briefing schedule and Order to Show Cause.  (Doc. 2.)  On March 16, 2026, Respondents filed their Return to Habeas Petition and Notice of Non-Opposition. (Doc. 4.)  Petitioner filed her Traverse the next day.  (Doc. 5.)

1

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner argues that her detention without a bond hearing violates the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 25–29.) Respondents do not oppose holding a bond hearing for Petitioner. (Doc. 4 at 1.) Therefore, the Court **GRANTS** the Petition.

## IV.    CONCLUSION

The Petition (Doc. 1) is **GRANTED**. Accordingly, the Court **ORDERS**:

1. Respondents shall provide Petitioner with a bond hearing **within ten (10) days** of the entry of this Order. At the bond hearing, Respondents shall bear the burden of establishing, by clear and convincing evidence,[1] that Petitioner poses a danger to the community or a risk of flight.

2. If the bond hearing is not conducted **within ten (10) days** of the entry of this Order,

---

[1] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond")).

3:26-cv-01454-RBM-DDL

Respondents shall release Petitioner from custody until it is determined that her detention is warranted.

3. On or before **April 3, 2026**, Respondents **shall file** a status report indicating whether and when Petitioner received a bond hearing.

**IT IS SO ORDERED.**

DATE:  March 17, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-01454-RBM-DDL